**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANCISCO CALDERON SALGADO, an individual, </br></br>　　　　　　Plaintiff, </br></br>　　v. </br></br>WASABI RAMEN, LLC, an Illinois limited company d/b/a WASABI, LLC; SHOYU HOSPITALITY, LLC, an Illinois limited liability company; 2115 N. MILWAUKEE, LLC, a dissolved Illinois limited liability company d/b/a WASABI SUSHI & ROBATA, JEE HOON KIM, an individual, and SATOKO TAKEYAMA, an individual, </br></br>　　　　　　Defendants. | Case No. 1:20-cv-0785 |

## **COMPLAINT**

The Plaintiff, Francisco Calderon Salgado, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Wasabi Ramen, LLC d/b/a Wasabi, LLC, Shoyu Hospitality, LLC, 2115 N. Milwaukee, LLC d/b/a Wasabi Sushi & Robata, Jee Hoon Kim and Satoko Takeyama, (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.　　This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff overtime compensation for hours worked over forty (40) in a workweek. Plaintiff is a current cook, food preparer, and cleaner at Defendants' Wasabi restaurant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Francisco Calderon Salgado ("Calderon") is a current employee of Defendants' Wasabi restaurant located at 2101 N. Milwaukee Avenue in Chicago, Illinois. Plaintiff Calderon has worked as a cook, food preparer, and cleaner at Defendants' restaurant since 2016.

5. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Wasabi Ramen, LLC does business as Wasabi, LLC and operates the Wasabi restaurant located at 2101 N. Milwaukee Avenue in Chicago, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

8. Defendant Shoyu Hospitality, LLC also operates the Wasabi restaurant located at 2101 N. Milwaukee Avenue in Chicago, Illinois, as well other restaurant facilities in Chicago, Illinois, and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

9. Defendant 2115 N. Milwaukee, LLC does business as Wasabi Sushi & Robata and also operates the Wasabi restaurant located at 2101 N. Milwaukee Avenue in Chicago, Illinois, as well other restaurant facilities in Chicago, Illinois, and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

10. Upon information and belief, Defendants have earned more than $500,000.00 in annual gross revenue during 2017, 2018 and 2019.

11. Defendants Wasabi Ramen, LLC, Shoyu Hospitality, LLC and 2115 N. Milwaukee, LLC (hereafter the "Defendant Wasabi companies") are all registered in Illinois as limited liability companies and their managers, agents and principal offices are located within this judicial district.

12. Defendant Jee Hoon Kim ("Kim") is an owner, agent and manager of the Defendant Wasabi companies.

13. Defendant Satoko Takeyama ("Takeyama") is an owner and manager of the Defendant Wasabi companies.

14. At all times relevant to this action, Defendants Kim and Takeyama possessed extensive oversight over the Defendant Wasabi companies, the Wasabi restaurant and its business operations. Defendants Kim and Takeyama were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

15. Upon information and belief, Defendants Kim and Takeyama reside in and are domiciled within this District.

**COMMON ALLEGATIONS**

16. During the period from at least February, 2017 through December, 2019, Plaintiff regularly worked at Defendants' Wasabi restaurant six (6) days a week including Tuesday through Thursday from 10:00 a.m. to 3:00 p.m. and 4:00 p.m. to at least 11:00 p.m.; Friday from 10:00 a.m. to 3:00 p.m. and 4:00 p.m. to Midnight; Saturday from 10:00 a.m. to 3:00 p.m.; and, Sunday from 3:00 p.m. to 11:00 p.m. Plaintiff typically did not work on Monday.

17. Based on his schedule, Plaintiff regularly worked at least sixty-two (62) hours in individual workweeks from February, 2017 through December, 2019.

18. Since the end of 2019 and following complaints by Plaintiff to Defendants Kim and Takeyama about unlawful wage payments, Plaintiffs' schedule was drastically reduced to approximately forty-two (42) hours in individual workweeks.

19. Defendants paid Plaintiff on an hourly basis at the rate of $13.00 per hour from the date of hire through November 21, 2017, $14.00 per hour from November 22, 2017 through April 10, 2018, and $15.00 per hour from April 11, 2018 to the present.

20. Defendants never compensated Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

21. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

22. In order to conceal their failure to pay overtime compensation, Defendants imposed a variety of wage payments schemes on Plaintiff that resulted in Plaintiff being paid

4

only his straight-time hourly rate of pay for all hours worked including all hours worked in excess of forty (40) in individual workweeks.

23. For example, during a portion of 2017, Defendants issued a single paycheck to Plaintiff for each two-week pay period which reflected hours worked far in excess of eighty (80) and which confirm that Defendants paid Plaintiff at his straight-time hourly rate of pay for all hours worked including hours worked in excess of forty in individual workweeks. (Attached hereto as Exhibit A is a sample wage payment stub for the two-week pay period ending September 12, 2017 during which Plaintiff worked 125.76 hours and was paid his straight-time hourly rate of $13.00 for all hours worked.)

24. Thereafter, Defendants adopted a dual payment scheme in which they issued two paychecks to Plaintiff from different Defendant Wasabi companies for the same two-week pay period. Under this scheme each check reflected no more than eighty (80) hours of work during a two-week pay period all paid at Plaintiff's straight-time hourly rate even though Plaintiff regularly worked at least 62 hours in each individual workweek. (Attached hereto as Exhibit B are sample wage payment stubs issued by Defendant Wasabi companies to Plaintiff for the pay period ending December 19, 2017. These wage payment stubs confirm that Plaintiff worked a total of 129.42 hours during the two-week pay period and was paid his straight-time hourly rate of pay for all hours worked.)

25. Defendants also employed a dual payment scheme in which they paid Plaintiff with a payroll check for no more than eighty (80) hours in a two-week period, and paid the remainder of Plaintiff's hours with unreported cash all at his straight-time hourly rate of pay. (Attached hereto as Exhibit C is a wage payment stub for the two-week pay period ending

5

November 6, 2018 for eighty (80) hours and a receipt for payment of another 42.61 hours in cash all at Plaintiff's straight-time hourly rate of pay.)

26. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

27. Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

28. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

29. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

30. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

31. Defendants Wasabi Ramen, LLC, Shoyu Hospitality, LLC, and 2115 N. Milwaukee, LLC, each are an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and each Defendant operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a). Defendants further constitute a single enterprise under the FLSA.

32. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by imposing multiple dual wage payment schemes in which a portion of Plaintiff's work hours, typically eighty (80) hours or less during a two-week pay period, were paid with one or more payroll checks and the remainder of Plaintiff's hours were paid "under the table" with unreported cash. Furthermore, Defendants' cash wage payments to Plaintiff were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to accurately record and report the number of hours worked by Plaintiff, and otherwise violated the Act's record keeping regulations.

**WHEREFORE**, the Plaintiff, Francisco Calderon Salgado, prays for a judgment against Defendants, Wasabi Ramen, LLC d/b/a Wasabi, LLC, Shoyu Hospitality, LLC, 2115 N. Milwaukee, LLC d/b/a Wasabi Sushi & Robata, Jee Hoon Kim, and Satoko Takeyama, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

35. Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

7

36. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

37. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

38. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

39. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Francisco Calderon Salgado, prays for a judgment against Defendants, Wasabi Ramen, LLC d/b/a Wasabi, LLC, Shoyu Hospitality, LLC, 2115 N. Milwaukee, LLC d/b/a Wasabi Sushi & Robata, Jee Hoon Kim, and Satoko Takeyama, as follows:

  A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

  B. Statutory damages in the amount of three times the amount of unpaid overtime;

  C. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

  D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

41. Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

42. Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

43. Defendants were each an "employer" as defined in the CMWO § 1-24-10.

44. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

45. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Francisco Calderon Salgado, prays for a judgment against Defendants, Wasabi Ramen, LLC d/b/a Wasabi, LLC, Shoyu Hospitality, LLC, 2115 N. Milwaukee, LLC d/b/a Wasabi Sushi & Robata, Jee Hoon Kim, and Satoko Takeyama, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: February 2, 2020	Respectfully submitted,

                                              Francisco Calderon Salgado,
                                              Plaintiff


                                              /s/ Timothy M. Nolan
                                              _____
                                              Attorney for the Plaintiff


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com